# FOWLER *v.* BOYCE.

---

PATENTS; INTERFERENCES; EVIDENCES; PRELIMINARY STATEMENT, AMENDMENTS OF.

1. Where the junior party to an interference is limited by his preliminary statement to dates of disclosure and actual reduction to practice subsequent to the senior party's record date, and he fails to show any reason why the senior party is not entitled to his record date, testimony not admissible under the junior party's preliminary statement will not be reviewed on appeal.

2. In interference cases the parties are limited to the dates set out in their preliminary statements, and this rule will not be ignored in a given

case, even with the consent of counsel, unless expressly approved by the Commissioner of Patents or his representatives,—especially where it appears that leave was asked to file an amended preliminary statement, and was refused.   (Following *Hammond* v. *Basch,* 24 App. D. C. 469.)

3. While cases may often arise where the interest of the parties to interference proceedings and the public will be best subserved by permitting dates earlier than those set forth in the preliminary statements to be proved, this should be done under the supervision of and with the approval of the Patent Office.

No. 336.   Patent Appeals.   Submitted January 11, 1906.   Decided February 6, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.          *Affirmed.*

The facts are sufficiently stated in the opinion.

There was no appearance for the appellant.

*Mr. Philip Mauro, Mr. William W. Swan, Mr. Thomas L. Lockwood,* and *Messrs. Cameron, Lewis, & Massie* for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

This interference proceeding is a companion case to one between the same parties just decided [*ante,* 48].   The applications upon which this interference is based are the same as those in that case.   The evidence in each record is the same.   A third party was originally a party to that interference, but was not at any time involved in the one now under consideration.   The issue is thus defined:

"1. In a telephone exchange system, the combination with a telephone line extending from a substation to an exchange, of a line relay at the exchange, a source of current adapted to be closed through said line relay through the agency of substation apparatus, cord-connecting apparatus for connecting said line with another for conversation, a cut-off relay included in a high-

resistance circuit controlled by the cord-connecting apparatus, a line signal in a local circuit including the armatures of said relays, the circuit through said line signal being closed when the line relay is energized and the cut-off relay is de-energized, a supervisory signal included in said high-resistance circuit, and means whereby the de-energization of said line relay causes a decrease in the resistance of the circuit through said supervisory signal.

"2. In a telephone-exchange system, the combination with a telephone line extending from a substation to an exchange, of a line relay at the exchange, a source of current adapted to be closed through said line relay through the agency of substation apparatus, cord-connecting apparatus for connecting said line with another for conversation, a cut-off relay included in a circuit controlled by the cord-connecting apparatus, a resistance in said circuit, a line signal included in a local circuit containing the armatures of said relays, the circuit through said line signal being closed when the line relay is energized and the cut-off relay is de-energized, a supervisory signal included in the circuit controlled by the cord-connecting apparatus, and means whereby the de-energization of said line relay causes the closure of a low-resistance shunt circuit about said resistance.

"3. In a telephone exchange system, the combination with a telephone line extending from a substation to an exchange, of a line relay at the exchange, a source of current adapted to be closed through said line relay through the agency of substation apparatus, cord connecting apparatus for connecting said line with another for conversation, a cut-off relay included in a circuit controlled by the cord-connecting apparatus, a line signal included in a local circuit containing the armatures of said relays, the circuit with said line signal being closed when the line relay is energized and the cut-off relay is de-energized, and a supervisory signal included in the circuit controlled by the cord-connecting apparatus, the operation of said supervisory signal being controlled by said line relay.

"4. The combination in a telephone exchange system, of a main substation controlled by a switch at the substation; a

switch socket for said main circuit and a switch plug adapted to be inserted therein, the said socket and plug having registering main and local circuit contacts; a local supervisory circuit at said central station adapted to be completed through the local contacts of said socket and plug; a local call circuit at the central station; a supervisory signal device in the supervisory circuit; a call signal device in the local-call circuit; and two relays, one a line relay having its windings in the main substation circuit at the central station and the other an auxiliary relay having its windings in the supervisory circuit, said relays co-operating to control the supervisory circuit and the local call circuit and the operation of the supervisory and call signals therein.

"5. The combination in a telephone exchange system, of a main substation circuit controlled by a switch at the substation; a switch socket for said main circuit and a switch plug adapted to be inserted therein, the said socket and plug having registering main and local circuit contacts; a local supervisory circuit at said central station adapted to be completed through the local contacts of said socket and plug; a local call circuit at the central station; a supervisory signal device in the supervisory circuit; a call signal device in the local call circuit; and two relays, one a line relay having its windings in the main substation circuit at the central station, and the other an auxiliary relay having its windings in the supervisory circuit, said relays having associated armature contacts in the local call and supervisory circuits respectively, whereby said circuits are controlled to effect the operation of the supervisory and call signals therein."

No brief was filed on behalf of, nor any appearance made for, appellant, when the case was called. The record was opened by appellee and an affirmance prayed.

All of the Patent Office tribunals awarded priority to Boyce.

Boyce, as we have said in the companion case, being the senior party, and Fowler being limited by his preliminary statement to dates of disclosure and actual reduction to practice subsequent to Boyce's record date, and not having shown any reason why Boyce is not entitled to his record date, we see no good reason why we should review testimony that was not permissible

under Fowler's preliminary statement. Fowler was refused permission to file an amended preliminary statement; and in proceedings such as these we do not think that even consent of counsel, unless expressly approved by the Commissioner of Patents or his representatives, warrants ignoring a rule of the office that parties are limited to the dates set out in their preliminary statements,—especially when leave has been asked to file an amended preliminary statement, and has been refused. *Hammond* v. *Basch,* 24 App. D. C. 469, and cases there cited. The Patent Office should, from the very nature of interference proceedings, not permit parties to them to ignore the rules and decisions of the office without its express approval. Cases may often arise where the interest of the parties and the public will be best subserved by permitting dates earlier than set forth in preliminary statements to be proved. It should, however, be done under the supervision of and with the approval of the office, or else all rules relating thereto should be abolished.

Boyce upon his record date is clearly entitled to an award of priority, and the decision of the Commissioner of Patents is therefore affirmed.

This opinion and the proceedings in the case in this court will be certified to the Commissioner of Patents according to law.

*Affirmed.*